# Hogsett *v.* Columbia Iron & Steel Company.

*Corporations—President—Confession of judgment to president for advances.*

Where the directors of an insolvent corporation vote that if the president shall at once furnish funds and credit to operate the business of the company, and give it his active personal attention he shall be secured by a judgment confessed in his favor, and the president acts in accordance with the terms of the resolution, he will be entitled, on a subsequent sale of the property of the corporation, to the proceeds of the sale to satisfy the judgment confessed to him for advances, and this is the case although it may take all of the proceeds to pay the judgment.

Argued May 12, 1902.   Appeal, No. 181, Jan. T., 1901, by W. P. White, from order of C. P. Fayette Co., Dec. T., 1893, No. 51, dismissing exceptions to auditor's report in case of Robert Hogsett and Peoples Bank of Fayette County v. Columbia Iron & Steel Company.   Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ.   Affirmed.

Exceptions to report of W. A. Hogg, Esq., auditor.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

W. R. *Errett* and *Stephen Stone,* with them *L. K. Porter* and
*R. S. Martin,* for appellant.

*R. H. Lindsey,* for appellee.

*George D. Howell* and *T. S. Lackey,* for Peoples Bank.

PER CURIAM, May 19, 1902:

The Columbia Iron & Steel Company was unquestionably
insolvent on April 11, 1893. Recognizing this fact, and desiring if possible to re-establish its solvency and financial credit,
the directors of the company on that day resolved that if Robert Hogsett would at once furnish the funds and credit to operate the plant and give its business his active personal attention,
he should be secured by a first judgment and execution whenever he might think it desirable for such amount as he might
then be liable for on the company's account, and also for the
salary due him. On April 12, 1893, the day after the passage
of this resolution, an agreement embracing its terms was entered into between Hogsett and the company. Under this contract Hogsett furnished the capital and took charge of the mill,
and operated it until June 30, 1893, when it closed down and
was not operated again. On September 27, 1893, the company
executed and delivered to Hogsett a judgment note on which
judgment was entered in the common pleas of Fayette county.
Execution was issued on the judgment, and the proceeds of the
sale of the company's personal property, made on this and subsequent executions, constitute the fund for distribution. The
auditor has found and his finding was approved by the court
below " that on the faith of the resolution and agreement of
April 12, 1893, Robert Hogsett advanced money, or made indorsements for the company, for the purpose of bringing it out
of its embarrassment, and the money so advanced and obligations indorsed amount to a great deal more than the proceeds
of the sale which is here for distribution." He accordingly

awarded to Hogsett the entire proceeds of the sale of the company's personal property.

Under the facts found by the auditor and the law applicable thereto, Hogsett was clearly entitled to be reimbursed the amount of money advanced by him to operate the plant under the agreement of April 12. This consumes the whole fund for distribution, and we are not required to determine the validity of that part of the judgment securing the payment of the company's prior indebtedness to him. The only party affected by allowing the Peoples Bank judgment to participate in the distribution of the fund in court is Hogsett, and as he is not complaining of the action of the court below in this respect, we are not called upon to determine its right to priority over the other creditors of the company.

It follows that the decree of the court below must be affirmed.